**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL H. HOLLAND, JOSEPH R. RESCHINI, and CARLO TARLEY, as Trustees Of the UNIITED MINE WORKERS OF AMERICA 1992 BENEFIT PLAN, 2121 K. Street, N.W. Suite 350 Washington D.C. 20037 <br><br>  Plaintiffs, <br><br>  v. <br><br> CONSOL ENERGY, INC. 1000 Consol Energy Drive Canonsburg, PA 15317 <br><br>  And <br><br> CNX RESOURCES CORPORATION 1000 Consol Energy Drive, Suite 400 Canonsburg, PA  15317 <br><br>  Defendants. | Case No. 1:20-cv-1148 |

**CONSOL ENERGY INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant CONSOL Energy Inc. ("CONSOL"), submits the following memorandum of law in support of its motion to dismiss.

As detailed below, this Court should dismiss Plaintiffs' Amended Complaint in its entirety. This is because Plaintiffs fail to allege facts sufficient to state a claim that CONSOL is a "related person" for purposes of liability under the Coal Act for any of the counts in their Amended Complaint. Plaintiffs' conclusory statements fail to satisfy the required pleading standards. Accordingly, the Amended Complaint should be dismissed in its entirety.

**BACKGROUND**

This lawsuit arises out of bankruptcy proceedings involving Murray Energy Corporation ("Murray Energy"). *See In re Murray Energy Holdings Co.*, Case No. 2:19-bk-5688 (Bankr. S.D. Ohio). As part of that proceeding, the United Mine Workers of America ("UMWA") 1992 Benefit Plan Trustees agreed to a settlement with Murray Energy under which retirees for six coal companies owned by Murray Energy were enrolled in the 1992 Benefit Plan. (*See* Dkt. 5, Am. Compl. ¶ 30.)[1]

This settlement was approved over the objections of CONSOL, which challenged the unusual and unprecedented nature by which the 1992 Benefit Plan absolved Murray Energy of these liabilities.[2] *See In re Murray Energy*, Case No. 2:19-bk-5688, Dkt. 1338 (CONSOL Energy Inc. and Affiliates' Objection to the Debtors' Motion for Entry of an Order (I) Approving the Settlement Between the Debtors, the Retirees Committee, and the United Mine Workers of America 1992 Benefit Plan and (II) Granting Related Relief) (filed Apr. 23, 2020). Plaintiffs now seek to transfer those same liabilities to CONSOL and its co-defendant here, CNX Resources Corporation, which was formerly known as CONSOL Energy Inc. (hereafter, "CNX").

The premise of Plaintiffs' claims is that CONSOL and CNX are "related persons" under the Coal Industry Retiree Health Benefits Act of 1992 (the "Coal Act"), 26 U.S.C. § 9701, *et seq.*,

---

[1] Because this settlement is referred to in the Plaintiffs' Amended Complaint, and is otherwise a matter of public record, it may be considered by this Court. *Papasan v. Allain*, 478 U.S. 265, 269 n. 1 (1986) (courts may take "notice of items in the public record" when deciding a motion to dismiss).

[2] Should this case proceed beyond the pleading stage, the facts surrounding this settlement, and various facts leading to that settlement, will likely be a prominent focus of this litigation. This is because of the settlement's direct relation to the liabilities Plaintiffs now seek to impose here.

to the six above-referenced Murray Energy subsidiaries. As is relevant for purposes of this motion, "related person" status "shall be determined as of July 20, 1992." 26 U.S.C. § 9701(c)(2)(B).

## I. The Parties

Plaintiffs are Trustees of the UMWA 1992 Benefit Plan (the "1992 Plan"). (Dkt. 5, Am. Compl. ¶ 2.) The 1992 Plan was created by the Coal Act in order to provide medical benefits for certain retired coal miners. (*Id*. ¶¶ 3–4, 10–11, 14.)

Before November 29, 2017, the Defendants in this case, CONSOL and CNX, were part of the same corporation under the name CONSOL Energy Inc. (hereafter, "Old CONSOL"). (*Id*. ¶ 5.) Defendant CONSOL was initially formed as CONSOL Mining Corp. in June 2017. (*See* Ex. 1, CONSOL Mining Corp., General Form for Registration of Securities (Form 10), Ex. 99.1 at ii ) ("Questions and Answers About the Separation and Distribution") (July 10, 2017).) Then, effective November 29, 2017, Old CONSOL spun off CONSOL Mining. (*See* Ex. 2, CONSOL Energy, Inc., Current Report (Form 8-K) at 2 (Item 1.01) (Dec. 4, 2017). On the same date, Old CONSOL changed its name to CNX Resources Corporation, and CONSOL Mining Corp. changed its name to CONSOL Energy Inc. (*Id.*) CONSOL Mining is the CONSOL Defendant in this lawsuit. (Dkt. 5, Am. Compl. ¶ 5.). The other Defendant, CNX, is the remaining post-spinoff operation of Old CONSOL. (*Id.*)

Before the CONSOL Mining spin-off described above, Old CONSOL entered into a December 2013 stock purchase agreement with Murray Energy whereby it, among other things, sold to a Murray Energy subsidiary six of its subsidiaries: Consolidation Coal Company, McElroy Coal Company, Southern Ohio Coal Company, Central Ohio Coal Company, Keystone Coal Mining Corporation, and Eighty-Four Mining Company (the "Sold Subsidiaries"). (*Id*. ¶ 26.)

Plaintiffs allege that Defendants CONSOL and CNX are liable for the Coal Act liabilities of the Sold Subsidiaries as "related persons" to them. (*Id.* ¶¶ 19–23.)

## II.     Events Giving Rise to this Lawsuit

On October 29, 2019, Murray Energy and various affiliated debtors, including the six Sold Subsidiaries, filed for bankruptcy under Chapter 11 of the Bankruptcy Code. (*Id.* ¶ 29.) In the course of those proceedings, Murray Energy entered into an April 14, 2020 settlement with, among other parties, the 1992 Plan. (*Id.* ¶ 30.) CONSOL objected to the settlement, given the circumstances under which the settlement occurred, as well as the nature by which the settlement was presented for bankruptcy court approval.[3] (*In re Murray Energy*, Case No. 2:19-bk-5688, Dkt. 1338.) The bankruptcy court nonetheless approved the settlement. (*Id.* Dkt. 1491.) Under the settlement's terms, Murray was relieved of its obligations under the 1992 Plan, including for retirees of the Sold Subsidiaries. (*Id.*)

On May 1, 2020, Murray Energy retirees and beneficiaries, including those individuals whose 1992 Plan claims are attributable to the Sold Subsidiaries, were enrolled in the 1992 Plan. (*Id.* ¶ 32.) The next day, Plaintiffs filed this suit, claiming that CONSOL and CNX are responsible under the Coal Act as "related persons" for the liabilities that the 1992 Plan claims are attributable to the Sold Subsidiaries. (Dkt. 1.) Plaintiffs thereafter filed their Amended Complaint on May 20, 2020. (Dkt. 5.)

Count I seeks a declaration that Defendants are liable under the Coal Act as "related persons." (*Id.* ¶¶ 34–38.) Count II seeks a declaration that Defendants are required to post security

---

[3]     An appeal of the bankruptcy court's approval of the settlement is currently pending in the Sixth Circuit Court of Appeals. *In re: Murray Energy Holdings*, Case No. 20-8017 (6th Cir. filed May 14, 2020).

4

for the benefit of the 1992 Plan with respect to such individuals. (*Id*. ¶¶ 39–46.) Finally, Count III seeks a declaration that Defendants are responsible for monthly premiums to the 1992 Plan for such individuals. (*Id*. ¶¶ 47–49.)

## ARGUMENT

**I.     Applicable Legal Standards**

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint." *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)). Thus, to survive this motion, Plaintiffs' Amended Complaint must have "facial plausibility," which means it must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Thus, although the Court must construe Plaintiffs' Amended Complaint in their favor, "the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga*, 677 F.3d at 476. "'[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . do not suffice.'" *Beaulieu v. Barr*, No. 15-cv-896, 2019 WL 5579968, at *1 (D.D.C. Oct. 29, 2019) (quoting *Iqbal*, 556 U.S. at 678). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because Plaintiffs' Amended Complaint cannot withstand scrutiny under the foregoing standard, it should be dismissed in its entirety.

II. **Plaintiffs' Amended Complaint Alleges No Facts Showing CONSOL is a "Related Person" to the Six Subsidiaries Allegedly Responsible for the Coal Act Liabilities at Issue in this Case.**

Each of Plaintiffs' claims proceeds from the contention that CONSOL is a "related person" under the Coal Act to the Sold Subsidiaries. (Dkt. 5, Am. Compl. ¶ 36 (Count I) ("Consol and CNX are related persons to the Sold Subsidiaries and . . . remain obligated to provide benefits to eligible retirees and beneficiaries of the Sold Subsidiaries."); ¶ 41 (Count II) ("Consol and CNX are related persons to the Sold Subsidiaries . . . [and] are jointly and severally liable for the Sold Subsidiaries obligations"); ¶ 48 (Count III) ("Last Signatory Operators and their related persons such as Consol and CNX are required to pay a monthly per beneficiary premium to the 1992 Plan.").)[4]

Given these claims, under the governing legal standards, Plaintiffs are obligated to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hettinga*, 677 F.3d at 476 (quoting *Iqbal*, 556 U.S. at 677). But all Plaintiffs allege here are "legal conclusions cast as factual allegations." *Hettinga*, 677 F.3d at 476.

Specifically, as it relates to CONSOL, Plaintiffs allege, "[u]pon information and belief," that CONSOL was "a wholly-owned subsidiary of CNX as of July 20, 1992, and directly or indirectly owned 100% of the Signatory Subsidiaries." (Dkt. 5, Am. Compl. ¶ 20.) Alternatively, Plaintiffs allege that CONSOL "was created out of the assets of CNX as part of a corporate restructuring." (*Id.*)

---

[4]   CNX has also moved to dismiss Plaintiffs' Amended Complaint. CONSOL agrees that the arguments set forth in CNX's motion and supporting memorandum provide additional bases for dismissal of the Amended Complaint.

Neither of these conclusory allegations, however, states a claim that can withstand a Rule 12(b)(6) motion. *Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. S&F Mgmt. Co., LLC*, No. 17-cv-01737, 2018 WL 5044249, at *5 (D.D.C. Aug. 16, 2018), *report and recommendation adopted*, No. 17-cv-1737, 2018 WL 6788727 (D.D.C. Oct. 22, 2018) (rejecting allegations that two separate entities were so interrelated as to be jointly and severally liable for certain pension obligations as conclusory, and granting motion to dismiss). *First*, CONSOL was *not* a CNX wholly-owned subsidiary as of July 20, 1992, and therefore could not have directly or indirectly owned 100% of the Sold Subsidiaries at that time. This is because, as outlined above, CONSOL was not formed until June 2017, and did not become a stand-alone corporate entity until November 2017.[5] Those undisputed points render Plaintiffs' claim against CONSOL factually untenable, because Coal Act liability "shall be determined" as of July 20, 1992. 26 U.S.C. § 9701(c)(2)(B). *See also Wheeling-Pittsburgh Steel Corp. v. Barnhart*, 229 F. Supp. 2d 539, 553 (N.D.W. Va. 2002) ("in determining related person status, the pertinent date is July 20, 1992").

*Second*, even if CONSOL "was created out of the assets of CNX," Plaintiffs allege no facts demonstrating any relationship between whatever those assets were and the Sold Subsidiaries. (Dkt. 5, Am. Compl. ¶ 20). They simply declare, in wholly conclusory fashion, that a relationship exists between CONSOL and the Sold Subsidiaries. (*Id.*)

*Third*, Plaintiffs allege only that, at some unidentified time, CNX "directly or indirectly" owned the Sold Subsidiaries. (*Id.* ¶ 19.) Once again, none of these allegations provide any facts

---

[5] As also noted above, these facts may be properly considered on a Rule 12(b)(6) motion because they relate to matters referred to in the Amended Complaint and are otherwise matters of public record. *Papasan*, 478 U.S. at 269 n. 1.

showing that CONSOL met the definition of "related person" as of July 20, 1992, a necessary predicate for claiming Coal Act liability.  26 U.S.C. § 9701(c)(2).

Given these pleading deficiencies, Plaintiffs' attempt to state any claim against CONSOL is based on nothing more than the conclusory legal allegation that CONSOL is a "related person." Plaintiffs' Amended Complaint sets forth no facts that would make that assertion plausible. *Hettinga*, 677 F.3d at 476.

Other courts faced with similar allegations have had no trouble dismissing similarly conclusory claims.  For example, in *Kelleher v. Dream Catcher, LLC*, 221 F. Supp. 3d 157 (D.D.C. 2016), the court dismissed the plaintiff's alter ego claim where that claim was supported by the sole assertion that the entities shared the same address.  *Id.* at 159.  That fact, the court found, "without more, does not 'nudge' Plaintiff's alter ego theory of liability 'across the line from conceivable to plausible.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  *See also Gavin v. Dep't of Air Force*, 324 F. Supp. 3d 147, 151, n. 1 (D.D.C. 2018) (conclusory allegation that plaintiff exhausted administrative remedies insufficient to state a claim where plaintiff failed to identify the final agency action being challenged); *Acosta Orellana v. CropLife Int'l*, 711 F. Supp. 2d 81, 111–12 (D.D.C. 2010) (plaintiff's claim based on agency theory failed where conclusory allegation that one party was "under complete control" of defendant was "nothing more than [a] formulaic recitation of an element of agency liability . . . not entitled to be assumed true." (quoting *Iqbal*, at 556 U.S. at 681 (alterations omitted))).

Notwithstanding Plaintiffs' conclusory allegations, at least four of the Sold Subsidiaries had ***no*** relationship with Old CONSOL as of July 20, 1992, as reflected by publicly-available information that Plaintiffs could have readily accessed.  *See Bellinger v. Bowser*, No. 17-cv-2124, 2018 WL 4705808, at *12 (D.D.C. Sept. 30, 2018) (rejecting conclusory argument on 12(b)(6)

8

motion where plaintiffs "could easily have . . . anticipated [defendants' response] from the general allegations in the complaint). Those records show that Keystone Coal Mining Corporation and Eighty-Four Mining Company did not become associated with Old CONSOL until 1998. *See* Ex. 3, CONSOL Energy Inc., Securities Registration Statement (Form S-1), at 55-56 ("Northern Appalachia Mines") (Dec. 15, 1998). Similarly, Southern Ohio Coal Company and Central Ohio Coal Company did not become associated with Old CONSOL until 2001. *See* Ex. 4, CONSOL Energy Inc., Annual Report (Form 10-K), at 4 ("Recent Developments") (Sept. 28, 2001). Moreover, all of these transaction occurred years before Defendant CONSOL came into existence in 2017.

Stripping away Plaintiffs' conclusory allegations reveals no factual support for the central tenet of all of their claims against CONSOL. Viewed under the applicable legal standard, these deficiencies must lead to the dismissal of Plaintiffs' Amended Complaint for failure to state a claim.

## CONCLUSION

For the foregoing reasons, CONSOL respectfully requests that Plaintiffs' Amended Complaint be dismissed in its entirety.

Dated: July 10, 2020                                  Respectfully submitted,

                                                      CONSOL ENEREGY INC.


                                                      By: */s/ Joseph J. Torres*
                                                      Joseph J. Torres (*admitted pro hac vice*)
                                                      Alexis E. Bates (*admitted pro hac vice*)
                                                      JENNER & BLOCK LLP
                                                      335 North Clark Street
                                                      Chicago, IL  60654-3456
                                                      (312) 840-8685
                                                      JTorres@jenner.com
                                                      ABates@jenner.com

                                        Kali N. Bracey (#458965)
                                        JENNER & BLOCK LLP
                                        1099 New York Avenue, NW
                                        Washington, DC 20001-4412
                                        (202) 639-6867
                                        KBracey@jenner.com